(42 South. 716.)

No. 16,084.

CITY OF SHREVEPORT v. DANTES.

(Dec. 10, 1906. Rehearing Denied Jan. 7, 1907.)

1. MUNICIPAL CORPORATIONS—ORDINANCES—
   POLICE REGULATION.

Plaintiff's charter contains the grant of power to regulate by general ordinance the use of sidewalks, streets, and public ways, and to keep the same free from obstructions.

2. SAME—HUCKSTERS AND PEDDLERS.

An ordinance, reasonable in terms, may require hucksters and peddlers, who sell small articles of merchandise of limited value, such as cakes and candies, in the streets and other public places, not to loiter and be in the way.

3. SAME—REASONABLENESS OF ORDINANCE.

All who carry on business in the public streets can be required to carry on their business in conformity with the rules of "propriety, good neighborhood, and good manners." Blackstone.

An ordinance to that end relating to a class is neither unreasonable nor discriminative.

4. SAME — ORDINANCE NOT PREJUDICIAL TO
   TRADE.

Reasonably enforced, the ordinance is an incentive to industry and not in restraint of trade.

5. SAME—ENFORCEMENT.

The matter of the manner of its enforcement is not before the court.

6. SAME—ORDINANCE LEGAL.

It is not unconstitutional.

(Syllabus by the Court.)

Appeal from City Court of Shreveport; Rhydon Dickens Webb, Judge.

Tom Dantes was convicted of violating an ordinance of the city of Shreveport, and appeals. Affirmed.

B. H. Lichtenstein and Cal. Dial Hicks, for appellant. Ruffin Golson Pleasant, City Atty., for appellee.

BREAUX, C. J. The defendant, condemned to pay a fine of $15, and in default of payment to work 15 days on the streets of the city of Shreveport, appeals from the sentence of the court.

The ordinance under which he was prosecuted provides that it shall be unlawful "for any person selling articles of any kind, from any stand, tray, vehicle or other container of goods of a similar nature, to stop on any alley, street or sidewalk or other place of this city, except he be actually engaged in making a sale of an article."

The affidavit against defendant charged him with having violated this ordinance.

The grounds of defense urged by defendant as a reason why the charge against him should be quashed are directed exclusively against the asserted illegality of the ordinance. He averred that he had a license from the city permitting him to sell candies, cakes, and other similar articles on the streets, and that the ordinance will stop him from carrying on the business which the license permits; that the ordinance is violative of both the state and the federal Constitutions, granting equal rights to all persons; it is also illegal and oppressive; moreover, that his stops to sell are limited, without regard to time or place; that he is met by this dilemma: stop and be arrested, or go and transact no business; that as a result his trade is injuriously affected by the ordinance of which he complains.

The city of Shreveport has the right to make and pass ordinances necessary and proper to regulate administration. She has the control of streets and other public places, and generally full police power. She is authorized to lay down regulations for the orderly conduct of business upon the public streets.

Having determined that the city is competent to regulate the occupations referred to, it remains for us to inquire whether in the determination to regulate it has gone too far, and whether on that ground the ordinance assailed is null because oppressive or discriminative, or because it violates some of the provisions of the Constitution.

As relates to the oppressiveness charged, it does not appear to be well founded. The ordinance requires hucksters to move on and not to remain in one place any longer

time than actually necessary to sell their merchandise. It is not against common right. It deprived defendant of none of his natural rights. He is free to act as he pleases, provided he acts so as not to interfere with the rights of others.

This brings us to the question whether or not the ordinance is discriminative.

On its face it is not. To be considered to have that effect, it would have to appear that it affects one person different from another. On the contrary, it affects all alike. It relates to all persons who walk about the streets and other public places to sell and hand over their small wares for a corresponding price.

It was not adopted in the interest of any one so far as we can see. It relates to persons and things as a class, and not to persons and things of a class. The question is not at all similar to that decided in the Chinese Laundry Cases by the Supreme Court of the United States. Yick Wo Case, 118 U. S. 358, 6 Sup. Ct. 1064, 30 L. Ed. 220, and other similar cases.

It is necessary to classify the inhabitants of a municipality for the purpose of police regulation. It was proper to classify the persons and things as they were classified in the ordinance assailed by the defendant.

One of defendant's grounds is that the ordinance is unconstitutional. On that ground we can only say that the defendant has no inherent right to follow the occupation of a huckster without reasonable restraint.

In cities and towns it is deemed proper to enact regulations in regard to certain occupations for the sake of all concerned. When regulated to a reasonable extent, they are not deemed unconstitutional. It is considered a reasonable restraint of a public nature.

Blackstone says:

"That the inhabitants of a state, like the members of a well-governed family, are bound to conform their behavior to the rules of propriety, good neighborhood, and good manners, and to be decent, industrious, and inoffensive in their respective stations."

Judge Cooley says:

"The police of a state in a comprehensive sense embraces its whole system of internal regulation, by which each state seeks, not only to preserve the public order and to prevent offenses against the state, but also to establish from the intercourse of citizens with citizens those rules of good manners and good neighborhood which are calculated to prevent a conflict of rights and to insure to each the uninterrupted enjoyment of his own, so far as it is reasonably consistent with a like enjoyment of the right of others." Cooley, Constitutional Limitation, p. 572.

From the point of view expressed by these learned authors there can be nothing unconstitutional in an ordinance which can only operate as an incentive to those who follow the regulated occupation to walk around and work, and not to lie around a place under the pretense of being at work.

Instead of being a restraint on trade, as charged, it may have the effect of promoting trade in so far as defendant is concerned.

Defendant urged that his license protects him in carrying on the business and in stopping at particular places.

He has, we understand, a peddler and hawker's license, which confers the right to move about from place to place and sell his merchandise. His stoppages must be to no greater extent than actually necessary to carry on a huckster's business.

The only question before us is whether the ordinance is subject to the attack made upon it by the defendant on any of the grounds alleged.

These we have carefully considered, and, in our view of the law, we are constrained to hold against defendant.

We have naught to do with the manner of the execution of the ordinance. That issue was not brought up. There is no proof of anything of the kind. We will not assume that there was anything to complain of in this respect. On the contrary, we presume

that defendant had time enough to sell his merchandise, and that the whole trouble grows out of the fact that he wanted to stand longer in a place than the terms of the ordinance permitted.

In the absence of all testimony upon the subject, we deem it a proper presumption.

The council represents the whole community. It has acted.

Whenever an ordinance is assailed, it is for the party who assails it to show its illegality. Any reasonable doubt upon the subject will be decided in favor of the ordinance.

For reasons stated, the judgment is affirmed.