NICHOLAS J. MAJEWSKI, Respondent, *v.* JAMES E. FARLEY, as Assistant Property Clerk of the Police Department of the City of New York, Appellant.

First Department, November 3, 1922.

Lost property — city of New York — property found by policeman, if unclaimed, passes to police pension fund under Greater New York charter — finder cannot recover property from property clerk — policeman finding property while off duty subject to same rule — Greater New York charter, §§ 331, 334, 335 and 353, construed.

Under the Greater New York charter, sections 331, 334, 335 and 353, and the rules and regulations of the police department, lost property found by a policeman and turned over to the police department as required by the charter, passes to the police pension fund, if, after proper advertising, the owner does not appear and claim the same.

Accordingly, a police officer cannot maintain replevin to recover the possession of Liberty bonds found by him on the streets of New York city and turned over to the police department for the purpose of having them advertised and the true owner ascertained, though they are never claimed by the true owner.

The same rule applies though at the time the officer found the Liberty bonds he was off duty, for his powers, duties, rights and responsibilities still attached to him even though he was not in uniform.

APPEAL by the defendant, James E. Farley, from a determination of the Appellate Term of the Supreme Court, First Department, in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on or about the 19th day of December, 1921, affirming a judgment of the Municipal Court of the City of New York, Borough of The Bronx, Second District, entered in the office of the clerk of said court on or about the 3d day of March, 1921.

First Department, November, 1922.            [Vol. 203

*John P. O'Brien, Corporation Counsel* [*Henry J. Shields* of counsel; *John F. O'Brien* and *Adolph Stern* with him on the brief], for the appellant.

*Francis X. Conlon* [*William P. Thomas* of counsel], for the respondent.

DOWLING, J.:

The plaintiff is a member of the police department of the city of New York. On April 30, 1919, at about eleven-five P. M., while off duty, he found on the street fourteen fifty-dollar Liberty bonds, which he immediately took to the station house and turned in there to the police department for the purpose of having them advertised and the true owner ascertained. Thereafter he made a demand on the property clerk of the police department for the return of the bonds, which had not been claimed, and not receiving them, he commenced the present action in replevin on October 6, 1920, to recover possession of the bonds, the action being brought with the consent of the police commissioner. Under the notice to replevin a city marshal took possession of the bonds in question, and still held them at the time of the trial.

The plaintiff, as a member of the police department, was subject to its rules and regulations, and conceded upon the trial that he knew that fact. Among the rules and regulations of that department, established by the police commissioner pursuant to the power conferred by section 300 of the Greater New York charter (Laws of 1901, chap. 466, as amd. by Laws of 1904, chap. 341), are the following:

" Section 327. The property clerk is the custodian of lost, stolen, abandoned, and unclaimed property, or property held as evidence, coming into the possession of the police department. * * *

" Section 329. Any lost, stolen, abandoned, unclaimed and recovered property, and property required as evidence, coming into possession of a member of the force, will be delivered to the desk officer of the precinct in which it is found, unless otherwise specified.

" Section 330. Property coming into the possession of the police will be forwarded ·to the property clerk by the desk officer. In the case of lost, stolen, or abandoned wagons and automobiles, information as to place of storage will be obtained from the telegraph bureau; push-carts will be delivered to the bureau of incumbrances. * * *

" Section 333. Property found and unclaimed will be reported to the lost property bureau on the prescribed form with the next morning report."

The provisions of the charter of Greater New York applicable to the situation presented herein are as follows:

Section 331 (as amd. by Laws of 1917, chap. 400), which provides: "The police commissioner shall employ some person as clerk, who shall be designated property clerk, to take charge of all property alleged to be stolen or embezzled, and which may be brought into the police office, and all property taken from the person of a prisoner, and all property or money alleged or supposed to have been feloniously obtained, or which shall be lost or abandoned, and which shall be taken into the custody of any member of the police force or criminal court in the city of New York, or which shall come into the custody of any magistrate or officer, shall be, by such member or magistrate, or by order of said court, given into the custody of and kept by the said property clerk.    *    *    *."

Section 334, which provides: "All property or money taken on suspicion of having been feloniously obtained, or of being the proceeds of crime, and for which there is no other claimant than the person from whom such property was taken, and all lost property coming into the possession of any member of the said police force, and all property and money taken from pawnbrokers as the proceeds of crime, or by any such member from persons supposed to be insane, intoxicated or otherwise incapable of taking care of themselves, shall be transmitted, as soon as practicable, to the property clerk, to be registered and advertised in the City Record for the benefit of all persons interested, and for the information of the public, as to the amount and disposition of the property so taken into custody by the police."

Section 335, which provides: " If the property stolen or embezzled be not claimed by the owner before the expiration of six months from the conviction of a person for stealing or embezzling it, the officer having it in his custody must, on payment of the necessary expenses incurred in its preservation, deliver the same to the property clerk. The property so delivered to said property clerk, and all such other property, securities, moneys, things, or choses in action, that shall remain in the custody of the property clerk for the period of six months without any lawful claimant thereto, after having been advertised in the City Record for the period of ten days, may be sold at public auction in a suitable room to be designated for such purpose, and the proceeds of such sale shall be paid into the police pension fund." (See, also, Laws of 1920, chap. 734, amdg. said § 335.)

Section 353 provides that the police pension fund shall consist, among other things, of "All lost, abandoned, unclaimed, or stolen

money remaining in the possession of the property clerk of the police department for the space of one year, and for which' there shall be no lawful claimant, and all moneys arising from the sale by said property clerk of unclaimed, abandoned, lost or stolen property, and all moneys realized, derived or received from the sale of any condemned, unfit or unserviceable property belonging to or in the possession or under the control of the police department.'' (See § 353, subd. 4, as amd. by Laws of 1904, chap. 626.)

From these provisions of law above quoted, and from the equally binding rules and regulations of the police department, it became the duty of any member of the department finding any lost property (or other property of the various kinds enumerated) to deliver the same to the desk officer of the precinct, who in turn was to forward it to the property clerk. The property clerk was to register the property and advertise it for the benefit of all persons interested, and for the information of the public, and after the property (the enumeration of which included securities) had remained in his custody for the period of six months without any lawful claimant thereto, it was to be sold at public auction, and the proceeds of the sale paid into the police pension fund. As to money it was to remain in the possession of the property clerk for a year, and in default of a lawful claimant it was then to be turned over as well to the police pension fund.

It is clear that the purpose of this plan of dealing with lost property was to divest the finder, who was a police officer, of any claim that he might otherwise have thereto as against any one but the true owner, and to pass title thereto ultimately to the police department pension fund. The provisions are carefully drawn to accomplish that purpose. Had it been intended by law to allow a police officer to retain, or to assert any right to, lost property which he had found, the provision would simply have been for its return to the finder after the respective periods of six months and a year had expired.

Plaintiff complied with the provisions of the charter in surrendering the bonds for ultimate delivery to the property clerk, to be disposed of by him pursuant to law in a way which completely barred plaintiff from any further interest therein. Compliance with the charter provisions and the rules and regulations of the department is a condition of plaintiff's membership in the police force. (*People ex rel. Clifford* v. *Scannell,* 74 App. Div. 406; affd., on opinion below, 173 N. Y. 606; *McAvoy* v. *Press Publishing Co.,* 114 App. Div. 540; *People ex rel. Donovan* v. *Fire Commissioners,* 77 N. Y. 153.)

The plaintiff, by joining and remaining on the police force while

these provisions of law were in effect, and being bound thereby, relinquished any right he might have had (if a civilian) to claim any lost property found by him, which passed with his consent to the pension fund, whereof he is one of the possible beneficiaries.

Nor does the fact that plaintiff was off duty when he found the bonds change the situation, for his powers, duties, rights and responsibilities still attached to him, even though he was not in uniform. (*People ex rel. Robinson* v. *Bell*, 29 N. Y. St. Repr. 551; *People ex rel. Connolly* v. *Police Comrs.*, 11 Hun, 403; *People ex rel. Hayes* v. *Carroll*, 42 id. 438; *People ex rel. MacNish* v. *Waldo*, 212 N. Y. 348.)

The determination appealed from should, therefore, be reversed, with costs, the judgment of the Municipal Court reversed and the complaint dismissed, and the bonds ordered to be returned to defendant.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Determination and judgment reversed, and the complaint dismissed, and the bonds directed to be returned to the defendant, with costs in all courts to the defendant, appellant.