CITY OF CINCINNATI ET AL. *v.* CRITERION ADVERTISING CO.

(Decided July 11, 1929.)

*Mr. John D. Ellis,* city solicitor, and *Mr. Milton H. Schmidt,* for plaintiffs in error.

474

*Messrs. Nichols, Morrill, Wood, Marx & Ginter* and *Mr. James G. Stewart,* for defendant in error.

HAMILTON, J. The defendant in error, the Criterion Advertising Company, a New York corporation, brought suit against the city of Cincinnati, the city manager, and the chief of police of Cincinnati, plaintiffs in error here, to enjoin the city from demanding a license fee for a permit for the erection of advertising signs, and to enjoin 'the officers of the city from removing, destroying, or otherwise interfering with the signs and business of the advertising company.

Upon the hearing of the case by the trial court, the court granted the injunction prayed for. From that judgment, the defendants prosecute error to this court.

The main question is the enforceability of Sections 345, 345a, and 349-7 of the Ordinances of the City of Cincinnati, which are as follows:

"Section 345. *Bill and Signboard Permits.* No person or persons, firm, corporation, or association shall erect or cause to permit to be erected any fence, signboard, billboard or other structure to be used for advertising purposes without first obtaining a permit therefor from the commissioner. Applications for such permits shall be made upon such blanks as may be provided by the commissioner, giving such information as he shall require, but sufficient to show a compliance with the terms and provisions of this code, and all other laws and ordinances relating to the same subject in force in the city. If it shall appear to the commissioner that the laws and ordinances in force have been complied

with, he shall give the permit asked for upon the payment of the fee hereinafter prescribed. Each such permit shall state the length of the billboard, name of street and number of the premises upon which same is to be erected, the owner thereof and the distance from the line of the street. This section shall also apply to the projection of signs or advertisements into streets.''

''Section 345a. No billboard, signboard or other structure shall be placed or erected in front of or across any window, door, exit or entrance of, to, or from any building, whether occupied or not. No billboard, signboard or other structure, whether constructed of wood or any other material, which extends for any distance, however small, over the street or sidewalk, shall be placed or erected, attached to or on any building, unless the lowest part thereof shall be at least twelve (12) feet above the surface of the street or sidewalk; and any such billboard, signboard or other structure, used or to be used for advertising purposes, to be erected above said twelve (12) feet, shall be considered a billboard, etc. for which a permit must be obtained, as provided in Section 345 of the Code of Ordinances, and subject to all applicable provisions of said code relating to billboards, signboards, or other structures. The term 'advertising purposes' except as otherwise provided in Sections 452-5 to 452-96, both inclusive, shall not be deemed to include the designation of the proprietorship and character of business or other pursuit conducted within such building.''

''Section 349-7. The fees for advertising fences, bill and signboard permits, shall be the sum of ten dollars ($10.00) for a board containing seventy (70)

square feet or less, and five ($5.00) dollars for every additional seventy (70) square feet or fraction thereof.''

The complaint against the sections is that the $10 fee for permit for each sign is unreasonable, has no relation to, and is not based upon, the cost of issuing the permit, or inspection of the sign, but is in fact a tax laid upon plaintiff's right to carry on a lawful business, and an attempt by the city to raise revenue; that, because of said unreasonable and illegal fee, the ordinances are in violation of the Constitutions of the state of Ohio and of the United States.

Plaintiff refused to pay the fees demanded and proceeded to erect signs without such permits.

I. The first question for consideration is the constitutionality of the ordinances.

The constitutionality of a law, an ordinance in this case, must be determined by the operative effect. *Castle* v. *Mason*, 91 Ohio St., 296, 110 N. E., 463, Ann. Cas., 1917A, 164.

If the fee charged for the permit is largely in excess of the sum reasonably necessary to cover the cost of granting the permit, and of exercising proper police regulation, the fee is a tax, and the ordinance cannot stand.

A summarized statement of the law is well set out in 3 McQuillin on Municipal Corporations (2d Ed.), 483, in the following language:

*"Reasonableness of Amount of License.* Where the exaction is imposed under the power to regulate or the exercise of the police power, as distinguished from the power to tax for revenue as heretofore explained, the general rule obtains that the sum levied

cannot be excessive nor more than reasonably necessary to cover the cost of granting the license and of exercising proper police regulation. The nature of the business sought to be controlled and the necessity and character of police regulation are the dominating elements determining the reasonableness of the sum to be imposed. * * * The judicial view is that much should be left to the discretion of the municipal authorities. * * * Ordinarily the courts will decline to interfere on the ground that the amount is oppressive or unreasonably large. They incline to defer to the judgment and discretion of the corporate authorities and frequently presume that the amount demanded is reasonable, particularly in the absence of evidence to the contrary.

''Ordinances imposing license taxes under the power to regulate are *prima facie* valid, and the unreasonableness of the exaction must be made clearly to appear, and they must be obviously and largely beyond what is needed for the purpose intended, before such legislation will be declared void. The fact that the exaction may result in producing a revenue in excess of that required for regulation, does not in itself destroy the regulatory character of a police measure.''

The question is raised as to where the burden of proof rests when the constitutionality of an ordinance is challenged.

The law is that a municipal ordinance is presumed to be valid, and, when its validity is challenged, the burden is on the party complaining to establish the unconstitutionality of the law. *City of Shreveport* v. *Dantes,* 118 La., 113, 42 So., 716, 8 L. R. A. (N. S.), 304, and notes. Indeed, some of the cases go so far

as to hold that illegality must be proven sufficient to dispel all doubt.

In the case of *Prudential Co-Operative Realty Co.* v. *City of Youngstown,* 118 Ohio St., 204, at page 214, 160 N. E., 695, 698, the court, in the course of the opinion, says:

"Where the authority is lodged in the municipality to inspect and regulate, the further authority to charge a reasonable fee to cover the cost of inspection and regulation will be implied. The fee charged must not, however, be grossly out of proportion to the cost of inspection and regulation; otherwise it will operate as an excise tax, * * *. It is not to be expected that fees can be charged which will exactly balance the cost and expense, and a reasonable excess will not operate to invalidate the ordinance."

The burden was therefore upon the plaintiff to show by evidence that the fee of $10 charged for the permit was grossly in excess of the cost to the city of issuing the permit and the expense of inspection and regulation incurred by the city.

In the trial of the case the plaintiff called its witnesses, who testified to the effect that the advertising company had erected approximately 727 signs in the city over the past five years; that these signs measured approximately 4x7 feet; that the signs were inspected by the advertising company's inspector about every 30 days, and the company paid its inspector approximately $363 per month; that the employee of the company could inspect all the boards in Cincinnati in a period of a week, and that the signs or boards would last from 3 to 5 years; and that there were a large number of boards that had been erected for 5 years or more and were still in

good condition. The evidence is that but one fee was charged, no matter what the life of the signboard may be.

There is no evidence as to the cost of the printing, clerk hire, and keeping of records. Nor is there any evidence as to the cost of inspection, or the proportionate part of the salaries of the different officers, all a necessary part of the regulation. In other words, the evidence offered by the plaintiff was limited to that above stated concerning the number of billboards, their life, the method of attachment, and their inspection by the advertising company. There is not a scintilla of evidence as to any cost whatsoever in giving operative effect to the ordinances.

The city offered no evidence, and the case was determined on the evidence submitted by plaintiff, as above outlined.

Ordinarily the court will decline to interfere on the ground that the amount is oppressive or unreasonably large. They incline to defer to the judgment and discretion of the corporate authorities, and frequently presume that the amount demanded is reasonable, particularly in the absence of evidence to the contrary. 3 McQuillin on Municipal Corporations (2d Ed.), 483.

We are, therefore, of the opinion that there is no evidence showing that the ten dollar fee is oppressive or unreasonably large, and as to the constitutionality of the ordinance the plaintiff has wholly failed to produce evidence to show the amount demanded to be unreasonable under the circumstances, and the trial court ought to have rendered judgment for the defendants, plaintiffs in error here.

II. It is suggested that the evidence brings the plaintiff within an exception under Section 345a of the City Ordinances, wherein it is provided: ''The term 'advertising purposes,' except as otherwise provided in Sections 452-5 to 452-96, both inclusive, shall not be deemed to include the designation of the proprietorship and character of business or other pursuit. conducted within such building.'' Under this claim, plaintiff introduced evidence to the effect that some of the billboards named certain commodities and were on the front of the place of business, indicating the commodity was one of the things sold at that place of business, and it was, therefore, protected by this exception named, advertising the character of the business within such building. We do not think the ordinance will bear out this construction. Undoubtedly this provision in the ordinance was for the purpose of protecting the name of the proprietor and the character of the business conducted within the building, such as a butcher shop, grocery, barber shop, or other named business, and will not bear the construction that it was intended to cover the naming of a particular commodity sold therein. So that the evidence does not bring plaintiff within the protection of this exception.

III. It is claimed that there is evidence sufficient to show that the advertising company's signboards were torn down by the police department, and it is claimed that, before the police department would be justified in tearing down the signs, they would have to be shown to be a nuisance; that the tearing down of the signboards constitutes an invasion of the advertising company's rights and a destruction of

private property. It is claimed that on this ground alone, if for no other, plaintiff is entitled to the injunction. Counsel for the city do not answer this question in their brief, but we are of opinion that, in view of the ordinance, which is hereby upheld, the erection of the signboards without permits would place them beyond the protection of the law; that is, the signs are put up in places and in a way that is not permitted by the ordinance. The city would, therefore, be justified, through its officers, in removing them, although it would not be justified in destroying the same. The private property is in the billboard, and not in the unlawful erection thereof; so there could be no invasion of private property, except in the destruction of the property itself, and, there being no evidence of the destruction of the property of the billboards, the claim of the plaintiff is not tenable.

We are therefore of the opinion that there is no evidence in the record to sustain the finding of the trial court. That court ought to have entered judgment for the defendants. The judgment will be reversed, and judgment will be entered here in favor of the plaintiffs in error.

*Judgment reversed and judgment for plaintiffs in error.*

CUSHING, P. J., and Ross, J., concur.