HILTON ET AL., APPELLEES, *v.*
CITY OF TOLEDO ET AL., APPELLANTS.

[Cite as Hilton v. Toledo (1980), 62 Ohio St. 2d 394.]

(No. 79-1304—Decided June 18, 1980.)

*Mr. James D. Nestroff* and *Mr. Morton E. Leveton,* for appellees.

*Mr. John A. DeVictor, Jr.,* assistant director of law, for appellants.

HERBERT, J. The initial question presented herein is whether appellant is empowered, by virtue of the police power conferred upon it in Section 3 of Article XVIII of the Constitution of Ohio, to regulate the use of flashing portable signs within its territorial boundaries.

At the outset, appellant asserts that the lower courts failed to accord its exercise of municipal police power the pre-

sumption of constitutionality to which it is entitled and, therefore, erroneously shifted the burden of proof to appellant.

An enactment of the legislative body of a municipality is entitled to a presumption of constitutionality. The presumption may be rebutted by showing that the ordinance lacks a real or substantial relationship to the public health, safety, morals or general welfare, or that it is unreasonable or arbitrary. *Dayton* v. *S. S. Kresge Co.* (1926), 114 Ohio St. 624, 151 N.E. 775 (paragraph one of the syllabus); *Alsensas* v. *Brecksville* (1972), 29 Ohio App. 2d 255, 281 N.E. 2d 21. Furthermore, it is incumbent upon the party alleging unconstitutionality to bear the burden of proof, and to establish his assertion beyond a reasonable doubt. *State* v. *Renalist, Inc.* (1978), 56 Ohio St. 2d 276, 383 N.E. 2d 892; *State, ex rel. Ohio Hair Products Co.,* v. *Rendigs* (1918), 98 Ohio St. 251, 120 N.E. 836; *East Cleveland* v. *Palmer* (1974), 40 Ohio App. 2d 10, 317 N.E. 2d 246; *Cincinnati* v. *Criterion Advt. Co.* (1929), 32 Ohio App. 472, 168 N.E. 227.

In *State* v. *Renalist, supra,* this court stated, at page 278:

"* * *[W]hen an enactment under attack is a legislative exercise pursuant to the police power, a party opposing such action must demonstrate a clear and palpable abuse of that power in order for a reviewing court to substitute its own judgment for legislative discretion. *Allion* v. *Toledo* (1919), 99 Ohio St. 416; *Dayton* v. *S. S. Kresge Co.* (1926), 114 Ohio St. 624.* * *" In *Dayton* v. *S. S. Kresge Co., supra,* it is observed at page 629:

"The determination of the question whether or not this ordinance was reasonably necessary for the safety of the public is committed in the first instance to the judgment and discretion of the legislative body of the city, and if it acted reasonably and not arbitrarily the authorities should not be restrained by the process of injunction from carrying the provisions of such ordinance into effect.* * *"

A review of the instant record shows that, at trial, appellant was required to "justify their regulation." This constituted an impermissible shifting of the burden of proof concerning the question of the constitutionality of this enactment. As stated in *Renalist, supra,* at page 281, the focus of inquiries in these matters is "not* * *on whether the state had affir-

matively established, 'in the record,' the public interest involved," but the crucial question is whether the party challenging the validity of the legislative enactment has "rebutted the presumption of constitutionality 'beyond a reasonable doubt.'" See *State, ex rel. Dickman,* v. *Defenbacher* (1955), 164 Ohio St. 142, 128 N.E. 2d 59; *Belden* v. *Union Central Life Ins. Co.* (1944), 143 Ohio St. 329, 55 N.E. 2d 629 (paragraph six of the syllabus).

The authority of a municipality to regulate the use of outdoor advertising through its police powers is well settled. *E.g., Lehman* v. *Shaker Heights* (1973), 34 Ohio St. 2d 143, 296 N.E. 2d 683, affirmed 418 U.S. 298; *Ghaster Properties, Inc,* v. *Preston* (1964), 176 Ohio St. 425, 200 N.E. 2d 328; *Opinion of the Justices* (1961), 103 N.H. 268, 169 A. 2d 762. The nature of these restrictions has been generally viewed as a necessary corollary of a legislative body's power to regulate the use of streets and other thoroughfares. *Ghaster* v. *Preston, supra; General Outdoor Advt. Co.* v. *Dept. of Public Works* (1935), 289 Mass. 149, 193 N.E. 799, 814, certiorari denied 296 U.S. 543; *State, ex rel. Euclid-Doan Building Co.,* v. *Cunningham* (1918), 97 Ohio St. 130, 134, 119 N.E. 361; see *State, ex rel. Schiederer,* v. *Preston* (1960), 170 Ohio St. 542, 166 N.E. 2d 748.

Appellees argue in essence, however, that the provisions of the sign code, insofar as they prohibit flashing portable signs, but allow permanent electric signs, are unreasonable and arbitrary, as this differentiation is not, on its face, rationally related to the public health, safety, morals or general welfare.

Numerous authorities have recognized the validity of regulations which permit "on premise advertising," such signs for the most part being of a permanent nature, but which at the same time restrict or prohibit other forms of commercial advertising. *State* v. *National Advt. Co.* (La. App. 1978), 356 So. 2d 557; *E. B. Elliot Advt. Co.* v. *Metropolitan Dade County* (C. A. 5, 1970), 425 F. 2d 1141, 1152, certiorari denied 400 U.S. 805; *Schloss* v. *Jamison* (1964), 262 N.C. 108, 136 S.E. 2d 691.

Moreover, appellant's evidence demonstrates that the differentiation between permanent and portable signs is

predicated upon, *inter alia,* the difference in the degree to which the signs distract motorists and potentially interfere with the safe operation of motor vehicles. Appellant's expert witnesses testified that portable signs are generally positioned at a lower level than permanent signs and offer more of a distraction to motorists. Appellees complain also that it is arbitrary to permit these devices to be displayed for 15 days, but prohibit their use thereafter. A legislative body, however, is not constitutionally required, in the exercise of its police powers, to legislate with respect to an entire field of possible abuse. Instead, it may recognize varying degrees of the iniquity, *New Orleans* v. *Dukes* (1976), 427 U.S. 297; *Packer Corp.* v. *Utah* (1932), 285 U.S. 105; *Longbrake* v. *State* (1925), 112 Ohio St. 13, 146 N.E. 417, and choose to eliminate or reasonably regulate the area step by step, only partially ameliorating a perceived problem, and deferring its complete elimination to future legislative action. See, *e.g., Williamson* v. *Lee Optical* (1955), 348 U.S. 483, 489.

Appellant has chosen to partially limit the extent to which portable signs may be displayed. In our view, such action rationally furthers a legitimate purpose and is not arbitrary merely because the enactment failed to reach as far as it could have. Cf. *Katzenbach* v. *Morgan* (1966), 384 U.S. 641, 657.

It is our conclusion that Chapter 43 of the Toledo Municipal Code, insofar as it prohibits the display of flashing portable advertising signs, is a constitutional exercise of the municipality's police power. Therefore, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, O'NEILL, SWEENEY, LOCHER and HOLMES, JJ., concur.

O'NEILL, J., of the Seventh Appellate District, sitting for P. BROWN, J.