OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Baker, Appellant, v. City of West Carrollton, Appellee.

[Cite as Baker v. West Carrollton (1992),     Ohio St.3d    .]

Municipal corporations -- R.C. 737.29 and 737.32 apply to lost property recovered by police -- Proceeds from sale of unclaimed property shall be paid to municipal corporation.

R.C. 737.29 and 737.32 apply to lost property recovered by members of the police force of a municipal corporation and, if the property is unclaimed, the proceeds from the sale of such property shall be paid to the municipal corporation.

(No. 91-889 -- Submitted April 8, 1992 -- Decided September 2, 1992.)

Appeal from the Court of Appeals for Montgomery County, No. CA 12150.

Appellant, Charles Baker, is a police officer employed by appellee, the city of West Carrollton ("the city"). On March 29, 1984, while on duty, Officer Baker discovered a large number of dimes, quarters, half-dollars, silver dollars, and gold Krugerrands on a public roadway. Baker notified the police dispatcher of the find, and other officers were sent to assist in collecting the coins. The coins were placed in the custody of the West Carrollton Police Department. The approximate value of the coins is $70,000. The city advertised the discovery and requested the true owner submit a claim for the property. Baker made a formal claim for the coins, which was denied by the city. No other claims were made.

Baker filed a complaint in the Montgomery County Court of Common Pleas seeking to enforce his claim. The trial court entered summary judgment in favor of Baker.[1] Upon appeal, the court of appeals reversed.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Don A. Little, for appellant.
Altick & Corwin, Robert B. Berner and Elissa D. Cohen, for appellee.

Moyer, C.J.  R.C. 737.29 and 737.32 govern the

disposition of unclaimed property recovered by members of a police force.  R.C. 737.29 states:

"Stolen or other property recovered by members of the police force of a municipal corporation shall be deposited and kept in a place designated by the mayor.  Each such article shall be entered in a book kept for that purpose, with the name of the owner, if ascertained, the person from whom taken, the place where found with general circumstances, the date of its receipt, and the name of the officer receiving it.

"An inventory of all money or other property shall be given to the party from whom taken, and in case it is not claimed by some person within thirty days after arrest and seizure it shall be delivered to the person from whom taken, and to no other person, either attorney, agent, factor, or clerk, except by special order of the mayor."

R.C. 737.32 states:

"Property, unclaimed for the period of ninety days, shall be sold by the chief of police of the municipal corporation, marshal of the village, or licensed auctioneer at public auction, after giving due notice thereof by advertisement, published once a week for three successive weeks in a newspaper of general circulation in the county.  The proceeds shall be paid to the treasurer of the municipal corporation and be credited to the general fund."

Baker argues the phrase "other property" in R.C. 737.29 refers only to property recovered in connection with an arrest and seizure, and asserts his claim therefore must be guided by the common law.  He submits such an interpretation is supported by R.C. 737.30 and 737.31, which govern the deposit of stolen property and the disposition of property to claimants, because these sections refer to the "person arrested" and the "person from whom" property was taken.

Baker's arguments are not well taken.  R.C. 737.29 and 737.32 apply to lost property recovered by members of the police force of a municipal corporation and, if the property is unclaimed, the proceeds from the sale of such property shall be paid to the municipal corporation.  While it is true that certain language in R.C. 737.29, 737.30, 737.31 and 737.32 governs the disposition of seized property, the existence of such language does not negate application of the statutes to lost or other property recovered by police officers.

The four statutes at issue address the disposal of stolen, seized, and "other" property, and distinguish claimed property from unclaimed property.  The treatment of an item of property depends upon the circumstances under which it comes into police custody and whether the true owner can be identified.  "Seized" property necessarily comes from a "person arrested" or "person from whom" it was taken, and the statutes state how it shall be disposed of.  The property in question is "other property," "recovered by members of the police force," "unclaimed for the period of ninety days."  As such, the statutes provide that it shall be sold at public auction with the proceeds paid to the municipal corporation.  Because the disposition of property recovered by police is controlled by statute, Baker's reliance on common-law authority is misplaced.

Baker also argues that awarding the property to the city deprives him of equal protection of the laws as guaranteed by

the United States and Ohio Constitutions.  He charges there is no rational basis for denying a police officer's claim to lost property where such a claim would be granted had the finder been a private citizen.  Although we note that this court and other courts have considered similar arguments, see, generally, Allied Stores of Ohio, Inc. v. Bowers (1959), 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480; Hilton v. Toledo (1980), 62 Ohio St.2d 394, 16 O.O.3d 430, 405 N.E.2d 1047; State v. McKelvey (1967), 12 Ohio St.2d 92, 41 O.O.2d 372, 232 N.E.2d 391; Somerset Bank v. Edmund (1907), 76 Ohio St. 396, 81 N.E. 641; Noble v. Palo Alto (1928), 89 Cal.App. 47, 264 P. 529; Majewski v. Farley (1922), 203 A.D. 77, 196 N.Y.S. 508, we decline to address it in light of the fact that Baker failed to present it for consideration in the trial court or the court of appeals. Cascioli v. Central Mut. Ins. Co. (1983), 4 Ohio St.3d 179, 180, 4 OBR 457, 458, 448 N.E.2d 126, 127, fn. 2; State ex rel. Babcock v. Perkins (1956), 165 Ohio St. 185, 59 O.O.2d 258, 134 N.E.2d 839.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.

FOOTNOTE:

1 The trial court granted summary judgment in favor of the city on April 16, 1986; however, no final order was filed in the case.  The court of appeals therefore dismissed the appeal, but suggested the trial court reconsider its decision.  It is from the trial court's subsequent ruling granting summary judgment in favor of Officer Baker that this appeal arises.