**The STATE of Ohio**

v.

**DOWNEN.**

Belmont County Court of Ohio,
Northern Division.

No. 97TRC000683–01.

Decided Aug. 15, 1997.

*William L. Thomas*, Belmont County Assistant Prosecuting Attorney, for plaintiff.

*J. Mark Costine*, for defendant.

---

FRANK A. FREGIATO, Judge.

## I. Introduction and Procedural Background

1. On May 28, 1997, defendant James M. Downen was charged with a reinstatement suspension violation pursuant to R.C. 4507.02(C) and with operating a motor vehicle under the influence of alcohol pursuant to R.C. 4511.19 as a *third offense* (there being two prior offenses within the prior *six* years).

2. A motion to dismiss the case or in the alternative to suppress the results of the breath-alcohol content test was filed by defendant on June 23, 1997. Defendant's position was that the arresting officer did not have probable cause to stop defendant while operating his motor vehicle based upon the quantity of smoke that was being emitted from defendant's vehicle. A full evidentiary hearing was held on the same on June 25, 1997, and this court overruled said motion that date for the detailed reasons set forth in the record at that time, being generally that the officer not only had a *right* to stop the vehicle but perhaps even had an *obligation* to do so.

3. On July 3, 1997, defendant filed a motion *in limine* requesting an order of this court to limit the use of defendant's two previous convictions regarding determining a mandatory minimum sentence.

## II. Statutory Background and Amendments

4. The penalties for violating R.C. 4511.19 (commonly known as OMVI or DUI) are found in R.C. 4511.99. This section was amended several times in 1996. The effect of these amendments as it relates to this case was to widen the time window within which previous convictions of OMVI (operating motor vehicle under the influence) must be considered in determining the minimum sentences for OMVI offenders.

5. Specifically, as related hereto, R.C. 4511.99(A)(3) provides that a person who is convicted of a third violation of R.C. 4511.19 within a *six*-year period must be sentenced to a minimum of thirty days in jail (along with fines, operator's license restrictions, etc.). A first offense provides, for example, by way of contrast, for a minimum of only three days in jail (and related penalties).

6. Prior to the effective date of this amendment (July 1, 1996, for the narrow issue at hand), courts were required to look back only *five* years (as opposed to *six* years) in determining minimum OMVI sentences.

### III. Constitutional Issue

7.  It is defendant's position that the Ohio legislature is retroactively punishing an OMVI offender by taking into consideration convictions prior to the effective date of the amendment (increased punishment due to wider look back in time period).

8.  Section 28, Article II of the Ohio Constitution bans retroactive laws that affect substantive rights by providing:

"The general assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contract; but may, by general laws, authorize courts to carry into effect, upon such terms as shall be just and equitable, the manifest intention of parties, and officers, by curing omissions, defects, and errors, in instruments and proceedings, arising out of their want for conformity with the laws of this state."

9.  Defendant argues that the subject amendment (five-year look-back period increased to six-year look-back period) affects a substantive right by providing a greater minimum penalty upon an OMVI offense for prior convictions; these prior convictions would not have been taken into consideration under the previous law if the previous offenses were in the sixth prior year and not in the prior five years.

10.  Specifically, defendant James M. Downen is alleged to have committed the subject offense on May 28, 1997. If one analyzes defendant's conviction record for the last *five* years, one would find *no* previous convictions of OMVI and he would therefore be considered a first offender under the previous law for sentencing purposes. However, if one analyzes defendant's conviction record for the last *six* years, one would find *two* previous convictions under the current law for sentencing purposes, resulting in the current offense being a third offense.

11.  Defendant, accordingly, asserts that the change in law is unconstitutional by virtue of changing the effect which the two previous convictions have on his current charge.

### IV. Standard of Review

12.  It is well established that an Act of the General Assembly is entitled to a strong presumption of constitutionality. *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 616 N.E.2d 163. Courts must presume the constitutionality of lawfully enacted legislation. *Univ. Hts. v. O'Leary* (1981), 68 Ohio St.2d 130, 22 O.O.3d 372, 429 N.E.2d 148. A challenger must establish the unconstitutionality beyond a reasonable doubt. *Hilton v. Toledo* (1980), 62 Ohio St.2d 394, 16 O.O.3d 430, 405 N.E.2d 1047.

26

## V.  Precedents

13.  It has been the law of this state since the 1800s that:

"A law cannot properly be rendered retroactive when it apprises one who has established, by previous unlawful acts, a criminal character, that if he perpetuates *further crimes,* the penalty denounced by the law will be heavier than upon one less hardened by crime."  (Emphasis added.)  *Blackburn v. State* (1893), 50 Ohio St. 428, 438, 36 N.E. 18, 21.

14.  The Supreme Court in *Blackburn* at 438, 36 N.E. at 21, held that the party in such a situation is informed *before* he commits the *subsequent* offense of the full measure of the liability he will incur by its perpetuation.

15.  The Ohio Supreme Court concluded that this does not violate the constitutional guaranty against the enactment of *ex post facto* or retroactive laws.

16.  Moreover, the Franklin County Court of Appeals in *Groveport v. Lovesey* (Sept. 5, 1995), Franklin App. No. 95APC01–81, unreported, 1995 WL 527769, had a very similar situation before it, which deals with laws that take into consideration convictions *prior* to the effective date of the statutes.  The court in *Groveport* relied heavily upon the *Blackburn* case.  The Franklin County Court of Appeals upheld the constitutionality of the statute before it, concluding that the new statute does not impose penalties for past OMVI violations, but rather serves notice for future violations.

## VI.  This Court's Reasoning

17.  At no time has defendant Downen been punished by the amended law for his *prior* acts.  The Ohio legislature did not change the law and therefore change the punishment for what had already occurred; instead, the Ohio legislature changed the law and thereby fully advised the defendant, James M. Downen, of what the punishment *would be if* a crime *would be* committed in the *future.* The penalties are not being applied for past OMVI violations, but rather notice was provided by the legislature of the punishment for *future* violations.  Defendant was informed of the full consequences *before* he allegedly committed the crime.  The alleged violation occurred *after* the amendment, which fully advised the defendant of the consequences of *future* conduct.  Downen was fully apprised by the legislature of the full measure of the consequences *prior* to his actions; the punishment was *not* changed for his past acts but for his future acts.

18.  That one illegal act must occur after the effective date of the statute prevents the statute from violating the *ex post facto* clause.  *Groveport* at 25.

19.  Had defendant taken no further illegal steps after the amendment, the consequences of which he now complains would not have followed.

## VII.   Conclusion

20.   The court finds the amendments to R.C. 4511.99 to be constitutional based upon the reasoning set forth herein.   Defendant's motion must be and is therefore overruled.

*Motion overruled.*