OPINION
Defendant-appellant, Clara M. Pepper, appeals her conviction in the Fairfield Municipal Court for violating the Fairfield Codified Ordinances ("FCO") by illegally operating a church in a residential district and by erecting an illegal sign on her property.
Appellant is owner of a single-family residence located at 159 Lindale Drive in Fairfield, Butler County, Ohio. The lot is seventy-five feet wide by one hundred fifty feet deep. Since 1974, appellant has operated a church and clairvoyant business at the residence. At some time prior to November 1997, appellant erected a sign on the property advertising her church and clairvoyant business. Appellant never filed for or received permits allowing her to operate a church or erect a sign on the property.
Beginning January 1, 1997, appellant decreased her residential occupancy of the property to only one night per week. In the six months preceding February 1998, appellant did not live at the 159 Lindale property.
On November 13, 1997, the city of Fairfield served upon appellant a cease and desist notice for violating FCO section 1149.01 by operating a clairvoyant business in a R-1 residential district and FCO section 1187.06 by illegally erecting a sign. The FCO was adopted in 1984. The relevant FCO provisions are virtually identical to their predecessors in Zoning Ordinance 45-69, adopted in 1969.
On November 18, 1997, two complaints were filed against appellant. The first complaint alleged that appellant had failed to remove the illegal sign. The second complaint alleged that appellant had continued her illegal use of the property. The second complaint was later amended to charge that appellant was operating a church on the property without an occupancy permit and without conforming to width and area requirements for churches located in residential district as required by FCO section 1135.04. Appellant's property is significantly smaller than the two hundred foot width and forty thousand square foot lot area requirements for churches.
On March 16, 1998, Fairfield filed a memorandum in support of the charges. The city argued that appellant was not operating a valid nonconforming use as defined in FCO 1133.01(64)[1]
because appellant's use was illegal under the zoning ordinance in place when appellant began her business, Article 23 of Zoning Ordinance No 45-69, section 23.003 (1969). Appellant filed a memorandum in opposition on April 2, 1998, arguing that she had established a valid nonconforming use, and that Fairfield's attempt to regulate her use of the property was an unconstitutional infringement upon the free exercise of religion. Fairfield filed a reply memorandum on April 30, 1998.
The case came before the trial court on February 26, 1998. The trial court accepted agreed-upon stipulations and exhibits. The parties rested without submitting testimony or further evidence. The parties presented written closing arguments to the court.
On May 11, 1998, the trial court filed its initial decision and entry. The trial court found that the prior zoning ordinance set forth certain requirements for operating a church within a residential district, and that appellant had failed to meet these requirements. Because appellant had failed to establish a valid use under the prior zoning ordinance, she had not established a valid nonconforming use. The trial court determined that appellant was using the 159 Lindale Drive property to operate a church without meeting the lot area and width requirements of FCO section 1149.05(a) or obtaining an occupancy permit, all in violation of FCO section 1135.99(a). The trial court also determined that appellant did knowingly erect an illegal sign on the 159 Lindale Drive property, as prohibited by FCO section 1187.06, in violation of 1135.99(a). The trial court delayed its determination of guilt or innocence pending its decision regarding appellant's constitutional challenges to the FCO.
On December 17, 1998, the trial court entered its final decision and entry. The trial court incorporated the findings and rulings in its May 11, 1998 decision and entry. The trial court then found that appellant's right to practice and exercise her religion and to use and enjoy her property for religious purposes, although protected by the Ohio and United States Constitutions, were not absolute and may be reasonably regulated by the legitimate exercise of the state's police power. The trial court found that the lot area and width requirements of the FCO were reasonably related to the public health, safety, convenience, comfort and general welfare in preserving the character of the residential district and these requirements were not unreasonable or arbitrary. The trial court ruled that appellant had failed to show that the FCO sections were unconstitutional beyond a reasonable doubt. The trial court determined that appellant was guilty of operating a church without complying with the applicable zoning provisions and that appellant had erected an illegal sign on her property, all in violation of FCO section 1135.99(a).
On January 14, 1999, the trial court sentenced appellant. Appellant was ordered to serve thirty days in jail and pay a $500 fine on each of the two charges, with the sentences to be served concurrently. The sentences were suspended conditioned upon good behavior for two years. The trial court also ordered that there was to be no parking at the 159 Lindale residence except in the driveway or at the curb directly in front of the residence. It was further ordered that appellant was to no longer operate a church on the property. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
THE COURT ERRED IN CONVICTING THE DEFENDANT.
 In her first assignment of error, appellant contends that she should not have been convicted of illegally operating a church at her residence because she had established a valid nonconforming use prior to the enactment of the FCO. Appellant further argues that the lot restrictions imposed by the FCO upon the use of a property for church purposes unreasonably restrict the free exercise of religion.
The trial court discussed these issues in depth, and we adopt the findings and conclusions of the trial court. Appellant failed to meet any of the requirements imposed by the zoning ordinance in effect when she began operating a church at her residence. Article 23 of Zoning Ordinance No. 45-69, section 23.003. This ordinance required a lot width of two hundred feet, a lot area of 40,000 square feet, and an occupancy permit. Thus, when the FCO was adopted, appellant had failed to establish a valid nonconforming use as defined in FCO section 1133.01(64). Akron v.Chapman (1953), 160 Ohio St. 382, paragraph two of the syllabus.
The trial court also determined that the FCO was not an unconstitutional exercise of the police power. The FCO does not prohibit churches from being operated in residential districts. Instead, the trial court found that the FCO only imposes minimal requirements substantially related to the protection of the public health, safety, morals and general welfare, especially with regard to traffic congestion and the character of a residential district.Hilton v. Toledo (1980), 62 Ohio St.2d 394, 396. Although appellant claims that the restrictions are unduly oppressive, she has failed to provide any evidence demonstrating this assertion.
Therefore, we find that the trial court did not err in convicting appellant for operating a church without complying with the requirements of the FCO. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
THE TRIAL COURT ERRED IN IMPOSING ITS SENTENCE.
 In her second assignment of error, appellant contends that the trial court erred in imposing parking restrictions which affect not only appellant, but anyone legitimately entitled to be parked on the street. Appellant asserts that the parking restrictions are void as beyond the powers of the trial court.
In a matter such as the present case, sentencing is within the sound discretion of the trial court. So long as the trial court's sentence is one that is authorized by law, it shall not be disturbed absent an abuse of discretion. Toledo v. Reasonover
(1965), 5 Ohio St.2d 22, 34. Abuse of discretion connotes more than mere error; it requires that the trial court's attitude be arbitrary, unconscionable, or unreasonable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
FCO section 1135.99 sets forth the penalties applicable to appellant's zoning violations. FCO section 1135.99(a) provides that any person violating any provision of the FCO may be fined up to $500, sentenced to a maximum term of imprisonment of sixty days, or both. Although any party harmed by the unlawful use may institute an action for other appropriate remedies pursuant to FCO section 1135.99(b),[2] the trial court is not granted the power, as part of a sentence under FCO section 1135.99(a), to restrict the actions of individuals not involved in the prohibited use. There does not appear in the record any indication that an action was filed to enjoin appellant's guests from parking near her residence.
The trial court's restriction on parking outside of appellant's residence is exacerbated by the vagueness of the trial court's order. It is not clear exactly who is restricted from parking outside of appellant's residence, and for what purposes they are or are not restricted. The trial court's entry not only enjoins those who would attempt to further appellant's illegal use of her premises; it enjoins even those legitimately visiting appellant's residence for non-prohibited activities. It goes without saying that the trial court may not prohibit, on its own initiative, the legitimate use of a public street by the public.
We must also note that the trial court issued this injunction without notice being given to appellant or any other party affected by the injunction. We find that the trial court was not empowered to issue such a vague injunction against non-parties who have not been provided any notice of the action.
Therefore, we find that the trial court abused its discretion in issuing the injunction regarding parking in front of appellant's residence, and vacate that part of the imposed sentences. Accordingly, appellant's second assignment of error is overruled in part and sustained in part as indicated above.
Judgment affirmed as modified.
POWELL, P.J., and WALSH, J., concur.
[1] FCO 1133.01(64) states:
 "Nonconforming use" means a use of a building or land legally existing at the time of the adoption of the [FCO], or any amendment thereto, and which does not conform with the use regulations of the district in which located. (Emphasis added.)
[2] FCO 1135.99(b) states:
 [T]he City Manager, Council, the Law Director, the Building Inspector, or any adjacent or neighboring property owner who would be specifically damaged by such violation may, in addition to other remedies provided by law, institute appropriate action or proceedings to prevent such unlawful * * * maintenance or use.