OPINION
{¶ 1} Defendant-appellant, Gordon L. Kaiser, appeals his conviction in the Butler County Court of Common Pleas for participating in a criminal gang. We affirm appellant's conviction.
 {¶ 2} In December 2002, Hamilton Police officers began an investigation into alleged teenage criminal gang activity, after receiving numerous citizen complaints. Throughout the course of the investigation, officers discovered that several individuals, including appellant, were members of a gang known as "D-Block Killas," which operated in the area of the 500 block of South 11th
Street in Hamilton, Ohio. During the investigation, officers observed members of this gang, including appellant, involved in numerous drug transactions.
 {¶ 3} Officers arrested appellant on August 11, 2004, and he was charged with participating in a criminal gang in violation of R.C.2923.42(A). At the time of his arrest, appellant was wearing a red belt with a D-Block belt buckle, and his cell phone screen displayed the phrase "D-Block." Officers obtained a search warrant for appellant's home, and found several notebooks with writings that mention D-Block and drug sales.
 {¶ 4} After a jury trial, appellant was found guilty of the charged crime, and sentenced to serve a seven-year term of imprisonment. Appellant appeals his conviction, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "OHIO'S CRIMINAL GANG STATUTE, R.C. 2923.42, IS UNCONSTITUTIONALLY VAGUE."
 {¶ 7} In his first assignment of error, appellant argues that his conviction pursuant to R.C. 2923.42, Ohio's criminal gang statute, violates his right to due process as afforded by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States because the statute is impermissibly vague. We disagree.
 {¶ 8} All legislative enactments enjoy a strong presumption of constitutionality. In re Columbus Skyline Securities, Inc.,74 Ohio St.3d 495, 498, 1996-Ohio-151; State v. Collier (1991),62 Ohio St.3d 267, 269. Therefore, if at all possible, we must construe the statute in such a manner as to uphold its constitutionality. State v. Dorso (1983),4 Ohio St.3d 60, 61.
 {¶ 9} The party alleging that a statute is unconstitutional must prove that assertion beyond a reasonable doubt in order to prevail. State v.Bennett, 150 Ohio App.3d 450, 2002-Ohio-6651, ¶ 16, citing, Hilton v.Toledo (1980), 62 Ohio St.2d 394. When a statute is alleged to be void for vagueness, all doubts should be resolved in favor of the constitutionality of the statute. City of Oregon v. Lemons (1984),17 Ohio App.3d 195, 196
 {¶ 10} It is a basic principle of due process that the prohibitions of a legislative enactment must be clearly defined. State v. Phipps (1979),58 Ohio St.2d 271, 273. "In order to survive a void-for-vagueness challenge, the statute at issue must be written so that a person of common intelligence is able to determine what conduct is prohibited, and the statute must provide sufficient standards to prevent arbitrary and discriminatory enforcement." State v. Williams, 88 Ohio St.3d 513, 532,2000-Ohio-428, citing Chicago v. Morales (1999), 527 U.S. 41, 56-57, 119 S.Ct. 1849.
 {¶ 11} "However, a statute is not void for vagueness merely because it could have been more precisely worded. The legislature need not define every word of a statute. Words of ordinary usage will be given the meaning commonly attributed to them. Mathematical certainty is not required. `* * * The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. * * *'" (Internal citations omitted.)State ex rel. Rear Door Bookstore v. Tenth Dist. Ct. of Appeals (1992),63 Ohio St.3d 354, 358.
 {¶ 12} Appellant was convicted of participating in a criminal gang, in violation of R.C. 2923.42(A), which provides:
 {¶ 13} "(A) No person who actively participates in a criminal gang, with knowledge that the criminal gang engages in or has engaged in a pattern of criminal gang activity, shall purposely promote, further, or assist any criminal conduct, as defined in [R.C. 2923.41(C)], or shall purposely commit or engage in any act that constitutes criminal conduct, as defined in [R.C. 2923.41(C)]."
 {¶ 14} R.C. 2923.41(A) defines "criminal gang" as "an ongoing formal or informal organization, association, or group of three or more persons to which all of the following apply:
 {¶ 15} "(1) It has as one of its primary activities the commission of one or more of the offenses listed in [R.C. 2923.41(B)].
 {¶ 16} "(2) It has a common name or one or more common, identifying signs, symbols, or colors.
 {¶ 17} "(3) The persons in the organization, association, or group individually or collectively engage in or have engaged in a pattern of criminal gang activity."
 {¶ 18} R.C. 2923.41(B)(1) provides:
 {¶ 19} "'Pattern of criminal gang activity' means, subject to [R.C.2923.41(B)(2)], that persons in the criminal gang have committed, attempted to commit, conspired to commit, been complicitors in the commission of, or solicited, coerced, or intimidated another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of two or more of any of the following offenses:
 {¶ 20} "(a) A felony or an act committed by a juvenile that would be a felony if committed by an adult;
 {¶ 21} "(b) An offense of violence or an act committed by a juvenile that would be an offense of violence if committed by an adult;
 {¶ 22} "(c) A violation of [R.C. 2907.04, 2909.06, 2911.211, 2917.04,2919.23, or 2919.24, R.C. 2921.04 or 2923.16, R.C. 2925.03 if the offense is trafficking in marihuana, or R.C. 2927.12]."
 {¶ 23} Further, R.C. 2923.41(B)(2) provides:
 {¶ 24} "There is a `pattern of criminal gang activity' if all of the following apply with respect to the offenses that are listed in division R.C. 2923.41(B)(1)(a), (b), or (c) and that persons in the criminal gang committed, attempted to commit, conspired to commit, were in complicity in committing, or solicited, coerced, or intimidated another to commit, attempt to commit, conspire to commit, or be in complicity in committing:
 {¶ 25} "(a) At least one of the two or more offenses is a felony.
 {¶ 26} "(b) At least one of those two or more offenses occurs on or after the effective date of this section.
 {¶ 27} "(c) The last of those two or more offenses occurs within five years after at least one of those offenses.
 {¶ 28} "(d) The two or more offenses are committed on separate occasions or by two or more persons."
 {¶ 29} In addition, R.C. 2923.41(C) defines "criminal conduct" as:
 {¶ 30} "[T]he commission of, an attempt to commit, a conspiracy to commit, complicity in the commission of, or solicitation, coercion, or intimidation of another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of an offense listed in [R.C. 2923.41(B)(1)(a), (b), or (c)] or an act that is committed by a juvenile and that would be an offense, an attempt to commit an offense, a conspiracy to commit an offense, complicity in the commission of, or solicitation, coercion, or intimidation of another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of an offense listed in [R.C. 2923.41(B)(1)(a), (b), or (c)] if committed by an adult."
 {¶ 31} In State v. Woodbridge, 153 Ohio App.3d 121, 2003-Ohio-2931, ¶ 35, the Seventh Appellate District held that:
 {¶ 32} "[The] definitions [provided in R.C. 2923.41], read in the context of R.C. 2923.42, give ordinary citizens, as well as those officials charged with the task of enforcing the law, clear notice as to the kinds of conduct that are prohibited. The limiting language of this legislation, in particular, requiring that the participant must be acting with knowledge of the gang's activities and with specific intent to further those illegal activities and interests, serves to clarify the statute and substantially diminish the viability of any vagueness challenge."
 {¶ 33} Also, in State v. Williams, 148 Ohio App.3d 473,2002-Ohio-3777, ¶ 29 and 30, the Tenth Appellate District explained that:
 {¶ 34} "[R.C. 2923.42] requires more than just the knowledge of criminal conduct. A person charged with participating in criminal gang activity must be found to actively participate with knowledge that the criminal gang engages in or has engaged in a pattern of criminal gang activity and must purposively promote, further, or assist any criminal conduct, as such is defined in R.C. 2923.41(C), or shall purposely commit or engage in any act that constitutes criminal conduct as defined by that same section. R.C. 2923.41(B)(2) then states further requirements before a person may be convicted of engaging in a pattern of criminal gang activity. * * * [T]aken as a whole, the above statute gives persons of ordinary intelligence fair warning of the proscribed, unprotected conduct and is not unconstitutionally vague."
 {¶ 35} For these reasons, we reject appellant's argument that R.C.2923.42 is unconstitutionally vague. Appellant's first assignment of error is overruled.
 {¶ 36} Assignment of Error No. 2:
 {¶ 37} "THE JURY'S VERDICT OF GUILTY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 38} To determine whether a conviction is against the manifest weight of the evidence, an appellate court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. When reviewing the evidence, an appellate court must be mindful that the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 39} Appellant argues that the evidence does not support his conviction. More specifically, appellant maintains the evidence does not support a finding that he had knowledge that he was in a gang that was engaging in a pattern of criminal activity.
 {¶ 40} At trial, Hamilton Police Officer Steven Hanks testified that he and other officers began an investigation of an alleged gang called the D-Block Killas in December 2002 after receiving complaints from the citizens in the community. Officer Hanks testified that members of the gang wore Marithe Francois Girbaud brand clothing and other clothing in red, black, and white colors, red plastic belts with a D-Block logo on the metal buckle, and custom made t-shirts in red, black, and white colors with the members' street names and gang slogan on them. Officer Hanks testified that the D-Block Killas operated in the 500 block of South 11th Street in Hamilton, Ohio, and that he and other officers had observed graffiti indicating the presence of the gang and a rival gang in that area.
 {¶ 41} Also, Officer Hanks testified that during the investigation, he and other officers observed members of the gang involved in drug trafficking. In particular, Officer Hanks described a transaction he observed and recorded on video in which appellant sold crack cocaine to a woman in an alley on South 11th Street. The state presented still photographs of this transaction at trial, along with photographs of other members of the gang committing similar crimes. Hamilton Police Detective Joe Thompson testified that while undercover, he purchased crack cocaine from appellant. Detective Thompson and other Hamilton police officers testified that other members of the gang had been arrested for their involvement in drug trafficking.
 {¶ 42} Further, Officer Robert Horton testified that when he arrested appellant, the cell phone appellant had in his possession displayed the phrase "D-Block" on the screen, and that appellant was wearing a red plastic belt with a D-Block belt buckle. Officer Gary Crouch testified that he executed a search warrant on appellant's home, and found notebooks with what appeared to be rap lyrics mentioning D-Block and drug sales.
 {¶ 43} Appellant testified on his own behalf, and stated that he had never been involved in any type of criminal gang. Appellant further testified that he knew of no gang known as the D-Block Killas, and that the members alleged to have participated in this gang were simply his childhood friends and other people he had met recently. Appellant stated that he believed that D-Block was simply a rap group from New York.
 {¶ 44} Appellant's argument is essentially that the jury, in returning a guilty verdict, improperly found the testimony of the state's witnesses to be more credible than his testimony. However, "an appellate court must bear in mind the trier of fact's superior, firsthand perspective in judging the demeanor and credibility of the witnesses. * * * An appellate court is ill-suited to assess witness credibility, as the demeanor and attitude of witnesses do not translate well into the written record." (Citations omitted.) In re D.S., 160 Ohio App.3d 552,2005-Ohio-1803, ¶ 14. Moreover, "[w]hen evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the jury believed the prosecution testimony." State v.Zentner, Wayne App. No. 02CA0040, 2003-Ohio-2352, ¶ 21.
 {¶ 45} After reviewing the record, including the evidence described above, we do not find that the jury clearly lost its way in finding appellant guilty of participating in a criminal gang. This is not an exceptional case where the evidence weighs heavily against the conviction. Appellant's second assignment of error is overruled.
 {¶ 46} Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.