THE STATE OF OHIO, APPELLANT, *v.* RENALIST, INC., ET AL., APPELLEES.
THE STATE OF OHIO, APPELLANT, *v.* WATLING, APPELLEE.

(No. 78-261—Decided December 7, 1978.)

*Mr. Stephan M. Gabalac,* prosecuting attorney, and *Mr. William I. Arbuckle, III,* for appellant.

*Messrs. Hershey & Browne* and *Mr. John L. Wolfe,* for appellees Renalist, Inc., Knight and McLaughlin.

*Mr. Randall L. Johnson* and *Mr. Edmund M. Sawan,* for appellee Watling.

*Per Curiam.* The appellant has raised two propositions of law. The first asserts that R. C. 4735.01(A)(10) bears a reasonable relationship to a proper protection of the public welfare and does not infringe upon the appellees' right to commercial speech as embodied in the First Amendment to the United States Constitution. In the second proposition of law it is argued that the Court of Appeals committed error by holding the statute unconstitutional on the basis that the records of the "no contest" pleas did not reflect the area of legitimate public interest underlying the statute's enactment.

A resolution of these appeals requires an examination of some fundamental rules of judicial construction applicable when a court is required to assess a challenge to the constitutionality of an Act of the General Assembly. For example, it is well established that an Act of the General Assembly is entitled to a strong presumption of constitutionality. *State, ex rel. Jackman,* v. *Court of Common Pleas* (1967), 9 Ohio St. 2d 159, 161; *State, ex rel. Dickman,* v. *Defenbacher* (1955), 164 Ohio St. 142; *American Cancer Society, Inc.,* v. *Dayton* (1953), 160 Ohio St. 114, 121; *State, ex rel. Lourin,* v. *Indus. Comm.* (1941), 138 Ohio St. 618, 622; *Xenia* v. *Schmidt* (1920), 101 Ohio St. 437; *Ohio Public Interest Action Group* v. *Pub. Util. Comm.* (1975), 43 Ohio St. 2d 175. The necessity for a court adhering to this time-honored presumption is that it prohibits one branch of state government from encroaching on the duties and prerogatives of another. 16 American Jurisprudence 2d 338-339, Constitutional Law, Section 138.

However, this strong presumption is rebuttable, but only by proving the existence of the constitutional infirmity "beyond a reasonable doubt." *State, ex rel. Dickman,* v. *Defenbacher, supra.* Furthermore, when an enactment under attack is a legislative exercise pursuant to the police power, a party opposing such action must demonstrate a clear and palpable abuse of that power in order for a reviewing court to substitute its own judgment for legislative discretion. *Allion* v. *Toledo* (1919), 99 Ohio St. 416; *Dayton* v. *S. S. Kresge Co.* (1926), 114 Ohio St. 624. In ad-

dition, when the *application* of a statute is challenged, "the burden rests upon the party making such [an] attack to present clear and convincing evidence of a presently existing state of facts which makes the act unconstitutional and void when applied thereto." *Belden* v. *Union Cent. Life Ins. Co.* (1944), 143 Ohio St. 329, paragraph six of the syllabus.

A perusal of the record and the Court of Appeals' decisions[3] reveals a fundamental failure to adhere to these principles and for that reason the conclusion that the amendment was unconstitutional was arrived at erroneously.

The Court of Appeals initially determined that the question of the constitutionality of the statute had not been "directly raised" by way of motion in the trial court and therefore the trial judge had not been called upon to rule on that issue. In discussing the state of the record on appeal, the court indicated the following:

"The record here, including the transcript of proceedings, shows no motions filed by any of the defendants before entering their pleas. Thus, the constitutionality of the statutes underlying the charges was not directly raised in the trial court. We stated in *State* v. *Geriak*, Nos. 8524 and 8525 (9th Dist. Ct. App.) (Dec. 21, 1977), that the pre-rule pleading of demurrer was replaced by Crim. R. 12(A), motions to dismiss or quash. These vehicles allow the trial court to confront and decide the issue which is the subject of the motion directly and allow defendant to appeal the ruling of the court on that issue. In the instant case, the constitutionality of the statutes was not raised by motion at the trial level and, thus, we have no ruling by the court to consider on appeal. As a general

[3]The Court of Appeals in *State* v. *Watling* (C. A. No. 8610, decided January 25, 1978), adopted the analysis outlined in their decision involving the other defendants and held as follows:

"We believe that inasmuch as the same principles are involved here as were involved in *State* v. *Renalist*, Nos. 8569, 8570 and 8571, 9th Dist. Ct. App., released today, it is justiciable that the same result obtain in the instant appeal. For the reasons set forth in detail in *Renalist, supra,* we reverse the judgment of the trial court * * *."

principle, if the trial court is not given the opportunity to pass on questions of law, those questions cannot be raised here for the first time." See, also, 4 Ohio Jurisprudence 3d 298, Appellate Review, Section 137.

However, the court went on to conclude that certain "exceptional facts" were present in the record which revealed "*at least inferentially*, that the subject of appellate review was discussed at least in the pretrial stage by the parties and the court." (Emphasis added.) The determination that the issue had been raised "inferentially" left the Court of Appeals with a record that was barren of any evidentiary basis asserted by the appellees demonstrating the unconstitutionality of the statute, or any corresponding justification by the state of Ohio.

Nevertheless, the Court of Appeals went on to hold the *application* of the statute to be unconstitutional because that very same record in no way *reflected* the "public interest" protected by the amendment. In discussing the validity of the amendment as an exercise of the state's police power, the court concluded: "Under such circumstances, we believe R. C. 4735.01(A)(10), *as applied here,* bears no reasonable relationship to a proper protection of the public health, safety and welfare. This is particularly so in view of defendants' First Amendment rights concerning freedom of expression." (Emphasis added.) In dealing with the First Amendment challenge to the statute the court again asserted the failure of the record to reveal the legitimate state interest involved: "It is an additional reason to find no reasonable relationship between the Amendment and the public welfare. *Again, we state that* [the] *record before us simply demonstrates no area of the public domain which the amended statute protects.* We find R. C. 4735.01(A)(10) is arbitrary and discriminatory in nature and constitutionally invalid." (Emphasis added.)

The effect of the decision and procedure followed in the lower courts is to disregard both the presumption of constitutionality to which the statute was entitled and the

necessity of proving it to be unconstitutional "beyond a reasonable doubt." Since the crux of the appellees' argument involved the application of the statute and the appellate court appeared to base its decisions on that ground, it should not have focused its inquiry on whether the state had affirmatively established, "in the record," the public interest involved, but whether the appellees had rebutted the presumption of constitutionality "beyond a reasonable doubt."

A court cannot hold that an issue such as this need not be raised "directly" by way of motion prior to the entry of a plea, where both parties would be required to affirmatively support their arguments on the record, and then turn around and decide that one party has failed to support its position when there was neither a need nor an opportunity to do so.* This is particularly true when a reviewing court appears to be going beyond the face of a statute and directs its scrutiny at the application of the enactment. The effect of such a procedure, in this particular instance, is to inferentially place an unlawful burden upon the state of Ohio to justify the constitutionality of a statute.

In light of the foregoing, appellant's second proposition of law is well-taken and the judgments of the Court of Appeals are reversed.

*Judgments reversed.*

LEACH, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

*If the defendants had raised the constitutional issue by way of a pretrial motion and had received an adverse ruling they could still have pursued that question on appeal. Crim. R. 12(H) reads as follows:

"(H) The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence."