GENERAL ELECTRIC CREDIT CORP. OF TENNESSEE, APPELLEE, *v.* HATCH, APPELLANT; CENTRAL SKYPORT, INC., APPELLEE.

(No. 82AP-156—Decided August 19, 1982.)

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Michael G. Long, Mr. Carl Smallwood* and *Mr. David B. Hochman,* for appellee General Elec. Credit Corp.

*Messrs. Milligan, Milligan & Milligan* and *Mr. Fred J. Milligan, Jr.,* for appellant Melvin D. Hatch.

*Mr. Steven E. Hillman,* for appellee Central Skyport, Inc.

STRAUSBAUGH, J. This is an appeal by defendant, Melvin D. Hatch, from a judgment of the Franklin County Court of Common Pleas finding that the procedures outlined in R.C. Chapter 2737 for a prejudgment order of replevin are not unconstitutional as applied to this case; that plaintiff has shown probable cause for an order of replevin; that the clerk issue to the sheriff an order for the delivery of the personal property described in plaintiff's complaint; that appraisal be dispensed with; and that the amount of the delivery bond of the plaintiff and the redelivery bond of the defendant be set at $300,000.

Defendant sets forth two assignments of error:

"1. The court erred in dismissing defendant's claim for an injunction enjoining plaintiff from obtaining a prejudgment order of replevin under Chapter 2737.02, since said statute is unconstitutional and there is no other statutory authority for such an order.

"2. The court erred in granting plaintiff a prejudgment order of replevin since there is no statutory authority for such an order except Section 2737.02, Revised Code, which is unconstitutional on its face."

In its complaint, plaintiff sought to replevy a Cessna aircraft, covered by a chattel mortgage between plaintiff and defendant, dated June 6, 1979, for the reason that Hatch had failed to make the required monthly installment payments. Plaintiff's complaint was accompanied by an affidavit in replevin and sought no further relief in money damages or otherwise. Defendant filed an answer denying he was in default on the loan and alleged that R.C. 2737.02 was unconstitutional and that plaintiff had no statutory authority for replevin of the aircraft prior to final judgment. Defendant also filed a counterclaim seeking money damages, and preliminary and permanent injunctive relief enjoining plaintiff from attempting to replevy the aircraft prior to final judgment. Following a hearing before the trial court, the trial court issued its order from which this appeal is taken.

R.C. 2737.02 is the statutory authority for a prejudgment order of replevin:

"An order for the delivery of personal property to the plaintiff shall be issued by the clerk of the court in which the action is brought, when there is filed in his office an affidavit of the plaintiff, his agent or attorney, showing:

"(A) A description of the property claimed;

"(B) That the plaintiff is the owner of the property, or has an interest therein; and if the ownership or interest is special or partial, the facts shall be stated;

"(C) That the property is wrongfully detained by the defendant;

"(D) That it was not taken on process issued against the plaintiff, and is not claimed by him under a title acquired mediately or immediately by transfer from one from whom such property was taken by execution, order, or other process, nor for a tax; or if taken on such process, that the property was exempt from execution expressly, or upon demand or selection by the plaintiff.

"Such affidavit may be made before any person authorized to administer oaths, whether an attorney in the case or not."

Defendant's position is that R.C. 2737.02 is clearly unconstitutional and that the trial court had no statutory authority to issue a prejudgment order of replevin in this case. Plaintiff argues that while there may be constitutional defects in Ohio's replevin statutes, such defects, if any, were corrected by the procedure utilized in this case, and that defendant was afforded each procedural safeguard considered by any court to be significant.

There can be little doubt that R.C. 2737.02 does not comply with the Ohio and United States requirement for due process of law. First, the order for delivery of the personal property is issued by the clerk and not by a judge. Second, the only condition precedent to the issuance of the order is a filing of an affidavit of the plaintiff, his agent or attorney. Third, there is no right to a hearing before, or immediately after, the order is issued.

In a similar case, the United States Supreme Court in *Fuentes v. Shevin* (1972), 407 U.S. 67, held that the prejudgment replevin statutes of Florida and Pennsylvania violated due process. The provisions of the statutes in those two states contained the same defects that are present in R.C. 2737.02, which are the absence of judicial supervision and a right to a hearing either before or after the order is issued. Furthermore, the United States District Court for the Northern District of Ohio, in *Turner v. Block* (1973),

12 O.O.3d 373, held R.C. 2737.02 to be unconstitutional.

The Supreme Court in *Peebles* v. *Clement* (1980), 63 Ohio St. 2d 314 [17 O.O.3d 203], in considering Ohio's prejudgment attachment statute, R.C. Chapter 2715, has recently held that said attachment statute is unconstitutional, holding:

"1. Statutes providing for prejudgment attachment must at a minimum: (1) require plaintiff to furnish an appropriate bond or other security to compensate a defendant in the event of wrongful seizure; (2) require that an affidavit be filed alleging personal knowledge of specific facts forming a basis for prejudgment seizure; (3) require that a judicial officer pass upon the sufficiency of the facts alleged in the affidavit; (4) provide for dissolution of the seizure upon the posting of a bond by defendant; and (5) provide an immediate right of hearing to the defendant in which plaintiff must prove that the seizure is warranted.

"2. The prejudgment attachment procedure provided for in R.C. Chapter 2715 fails to give a defendant sufficient due process guarantees under the United States and Ohio Constitutions due to the failure of the statute to provide for judicial supervision of the procedure."

Plaintiff contends that R.C. 2737.02 is constitutional as applied to the facts of this case, and that appellant has been afforded every due process safeguard ever mentioned by any court considering this issue. Although a review of the record indicates this to be true, the issue is whether a court which derives authority to act from a statute, has authority to act when that statute is clearly unconstitutional. To rewrite a clearly unconstitutional statute in order to make it constitutional indulges the judiciary in performing judicial legislation which this court declines to do. The Supreme Court in *Peebles* v. *Clement, supra,* at page 321, stated:

"Although it is well established that a statute is entitled to a strong presumption of constitutionality, *State* v. *Renalist, Inc.* (1978), 56 Ohio St. 2d 276, 278 [10 O.O.3d 408], this court, in interpreting a statute cannot simply rewrite it to make it constitutional. *Seely* v. *Expert, Inc.* (1971), 26 Ohio St. 2d 61, 71 [55 O.O.2d 120].

"R.C. 2715.03 clearly requires the clerk of courts to issue the order of attachment without any form of judicial review. Although we might be able to construe other provisions in R.C. Chapter 2715, without rewriting them, in a manner in accordance with the minimum standards of due process set forth in *Mitchell* [v. *W. T. Grant Co.* (1974), 416 U.S. 620] and [*North Georgia Finishing, Inc.* v.] *Di-Chem* [, *Inc.*], we cannot, without rewriting R.C. 2715.03, impose judicial review on the prejudgment attachment process."

Although we are sympathetic with the endeavors of plaintiff to afford defendant his constitutional right to due process, and in performing all of the requirements set forth by the various courts to afford such due process, there is no constitutional vehicle, either in common law or statute, upon which such due process safeguards can ride.

For the foregoing reasons, therefore, both assignments of error are sustained, and the judgment is reversed and remanded for further proceedings in accordance with law in this decision.

*Judgment reversed
and case remanded.*

REILLY and COOK, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.