**HENDERSON ELECTRIC COMPANY OF OHIO, INC., Appellant,**

v.

**ELAN CONSTRUCTION MANAGEMENT SERVICES et al., Appellees.**

[Cite as *Henderson Elec. Co. of Ohio, Inc. v. Elan
Constr. Mgt. Serv.* (1993), 92 Ohio App.3d 98.]

Court of Appeals of Ohio,
Hamilton County.

No. C–920385.

Decided Dec. 29, 1993.

*Brown, Lippert, Heile & Evans* and *Marquette D. Evans*, for appellant.

*Graydon, Head & Ritchey, Thomas L. Gabelman* and *Joseph B. Jaap*, for appellees.

---

*Per Curiam.*

Plaintiff-appellant, Henderson Electric Company of Ohio, Inc. ("appellant"), appeals from the summary judgment granted by the Hamilton County Court of Common Pleas in favor of defendant-appellee, Time–Out Family Amusement Centers, Inc. ("appellee").[1] For the reasons that follow, we affirm the trial court's judgment.

The facts of this case are basically undisputed. During the times relevant hereto, appellee leased from the owner, Retail Projects of Cincinnati, Inc. ("Retail"), premises designated in the record as Space E–104 in the Forest Fair Mall. On January 9, 1991, appellee entered into a contract with defendant Elan for certain construction services to be rendered by Elan within appellee's leased premises. Thereafter, Elan subcontracted with appellant to supply certain required electrical work on the project. Alleging that Elan owed it $75,270.51 for the labor and materials it expended on the above improvement, appellant recorded a mechanic's lien on May 19, 1989. However, appellant identified on the affidavit supporting the lien the appellee's landlord, Retail, rather than the appellee, which was the entity that had ostensibly contracted with Elan. See R.C. 1311.04. It is not disputed that also on that date appellant sent a copy of the lien to appellee by certified mail. On August 17, 1989, appellee paid Elan $47,000 as payment in full for Elan's services. In return, Elan gave appellee a document entitled "Waiver of Lien and Release of Claims." While this document waives any right to a mechanic's lien in favor of Elan for the labor and materials

---

1. The trial court awarded appellant a default judgment against defendant Elan Construction Management Services ("Elan"). That matter is not a subject of this appeal.

it furnished to the appellee, the document is silent as to any amounts due or to become due to appellant. R.C. 1311.04.

On February 27, 1991, appellant filed its complaint against Elan and appellee in the trial court. In its first cause of action, appellant alleged breach of contract against Elan. In its second cause of action, appellant asserted a cause of action for "negligent payment" against appellee.

Appellee responded to the complaint by filing a Civ.R. 12(B) motion to dismiss for failure to state a claim upon which relief could be granted. Because the motion was supported by the affidavit cited above, the trial court converted appellee's motion to one for summary judgment. Appellant responded with its memorandum in opposition to the motion. In addition, appellant sought production of the lease agreement between appellee and Retail. Appellee's response to this motion was to seek a protective order, arguing that the lease contained confidential proprietary and commercial information as well as trade secrets which, if disclosed, would prejudice appellee's lease with its subsequent landlord and would threaten appellee's position in the commercial market. There is no entry of record as to the trial court's disposition of this matter. However, a hearing on the motion was held in the trial court on February 11, 1992. At the conclusion of that hearing, the court announced from the bench that it was granting the motion.

On March 4, 1992, an order was placed of record, in which the trial court granted appellee's motion for summary judgment. In so ruling, the court reasoned, *inter alia*, that although appellee may have violated R.C. 1311.04 by paying Elan, appellant could not prevail against appellee because it had failed to comply with the statute by not filing a mechanic's lien as to appellee.

In the first of its two assignments of error, appellant asserts that the trial court erred in granting summary judgment in favor of appellee. Appellant raises two issues under this assignment: (1) whether an independent cause of action exists for negligent payment in derogation of the rights protected by the mechanic's lien statutes, and (2) whether the mechanic's lien filed by appellant was properly filed. In its second assignment of error, appellant argues that the trial court erred in granting appellee's motion for a protective order, precluding appellant from discovering the terms of the lease between appellee and its landlord, Retail. We do not find merit in either assignment of error and thus affirm the judgment of the trial court.

Although appellant has raised as an issue under its first assignment of error whether its mechanic's lien was properly filed, this argument is inapposite since appellant did not bring an action to foreclose a mechanic's lien. Rather, appellant's sole cause of action against appellee was for what it referred to as

"negligent payment." The precedent which appellant cites, however, does not support such a cause of action and we therefore overrule its first assignment of error.

With regard to appellant's second assignment of error, appellant argues that it was denied the opportunity to discover information which would have shown that appellee was actually an agent for Retail when it contracted with Elan to have improvements made to Retail's property. See *Clarke Assoc., Inc. v. River Downs, Inc.* (July 27, 1983), Hamilton App. No. C–820768, unreported, 1983 WL 5147. Again, however, this argument is inapposite because, even if such an agency relationship existed, making Retail the contracting party and subject to the mechanic's lien appellant filed against it, appellant did not bring an action to foreclose on this mechanic's lien. In order for the discovery request to have had any bearing in this litigation, the discovery request must have been predicated on a motion to amend the complaint to include Retail as a defendant in an action to foreclose on the mechanic's lien against it; however, nowhere in the record do we find such a motion or theory presented to the trial court.

The regulation of discovery is committed to the sound discretion of the trial court and will not be overturned by a reviewing court absent an abuse of that discretion. *Williams v. S. Ohio Corr. Facility* (1990), 67 Ohio App.3d 517, 523, 587 N.E.2d 870, 874. Further, a decision which effectively bars the requesting party from pursuing discovery will not be reversed by the reviewing court absent a showing of substantial prejudice to that party. *Shaver v. Std. Oil Co.* (1990), 68 Ohio App.3d 783, 800, 589 N.E.2d 1348, 1359. For the foregoing reasons, we find no abuse of discretion in the trial court's refusal to grant the discovery requested.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., SHANNON and HILDEBRANDT, JJ., concur.