OPINION
Plaintiff-appellant, Erna Hunter ("Hunter"), appeals the decision of the Clinton County Court of Common Pleas granting the summary judgment motion of appellee, Wal-Mart Stores, Inc. ("Wal-Mart"), in a slip-and-fall case. We affirm the decision of the trial court.
On March 1, 1999, Hunter was injured when she slipped on a "gooey substance" and fell in Wal-Mart's store located in Wilmington, Ohio. Hunter fell in the main aisle of the store where she was shopping for various gifts for her family. The exact location of her fall was between two of the display "islands" which divide the main aisle. In her deposition testimony, Hunter stated that she did not see anyone in the vicinity for at least forty-five minutes prior to her fall. Hunter was not in the exact area of the "gooey substance" until she fell there.
Hunter filed a negligence action against Wal-Mart in February 2001. She requested documents from Wal-Mart, which included incident reports and witness statements concerning her fall. Wal-Mart did not provide appellant with incident reports or witness statements, claiming that these items were protected by absolute privilege and the attorney-client privilege. Hunter filed a motion requesting that the trial court compel Wal-Mart to disclose any incident reports or witness statements. Wal-Mart subsequently filed a motion for summary judgment.
In October 2001, the trial court denied Hunter's motion to compel and granted Wal-Mart's summary judgment motion. The trial court did not find that the open and obvious hazard defense defeated appellant's claim as a matter of law, as Wal-Mart contended. However, the trial court found that Hunter had not presented credible evidence showing Wal-Mart had constructive notice of the presence of the substance on the floor. Thus, the trial court found that Hunter's negligence claim failed as a matter of law. The trial court also found that the incident reports and witness statements requested by Hunter were protected by the attorney-client privilege and therefore not discoverable.
Hunter now appeals the trial court's decision, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Under this assignment of error, Hunter argues that the trial court erroneously granted Wal-Mart's summary judgment motion because reasonable minds could differ as to whether Wal-Mart had constructive notice of the presence of the "gooey substance" on the floor. Hunter also argues that it was error for the trial court to grant Wal-Mart's summary judgment motion on a ground not specifically discussed by Wal-Mart in its summary judgment motion.
An appellate court's review of a summary judgment decision is de novo.Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. To succeed on a Civ.R. 56(C) motion for summary judgment, the movant must demonstrate that: "(1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Civ.R. 56(C); Zivich v.Mentor Soccer Club, Inc., 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, citing Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, paragraph three of the syllabus, 1995-Ohio-286.
A party who opposes a motion for summary judgment may not rest upon the allegations or denials in the pleadings, but must affirmatively demonstrate the existence of genuine issues of material fact to prevent the granting of a motion for summary judgment. Civ.R. 56(C); Mitseff v.Wheeler (1988), 38 Ohio St.3d 112, 115.
We first address Hunter's argument that the trial court improperly granted Wal-Mart's summary judgment motion on the constructive notice issue because that issue was not specifically discussed by Wal-Mart in its summary judgment motion. In support of this argument, Hunter citesMitseff, in which the Ohio Supreme Court stated: "A party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." Mitseff, 38 Ohio St.3d at 116.
In Mitseff, the Ohio Supreme Court held that the court of appeals erred by deciding a motion for summary judgment on an issue not raised by the moving party in its summary judgment motion. Mitseff involved a negligence action against a social host who allegedly provided alcohol to a minor. The minor was subsequently involved in an auto accident resulting in the death of a third person. The court of appeals affirmed the trial court's granting of summary judgment because the nonmovant had presented no evidence that the minor's negligence caused the victim's death. However, the trial court was only presented with arguments regarding the social host's duty toward the victim and whether the social host's actions proximately caused the victim's death. According to theMitseff court, requiring the moving party to be specific as to the reasons for which it seeks summary judgment provides the nonmoving party with "the information needed to formulate an appropriate response as required by Civ.R. 56(E)." Mitseff, 38 Ohio St.3d at 116.
Turning to this case, Wal-Mart stated at the beginning of its summary judgment motion that Hunter had pointed to "no set of facts from which reasonable minds could conclude that Wal-Mart was negligent." Wal-Mart then proceeded to exclusively assert the "open and obvious" hazard defense, both in its original motion and in subsequent reply memoranda. The trial court granted Wal-Mart's summary judgment motion, rejecting Wal-Mart's open and obvious argument, but reasoning that Hunter had not presented credible evidence that Wal-Mart received constructive notice of the presence of the substance.
This case differs from Mitseff. In this case, Hunter was not deprived of "a meaningful opportunity to respond" to Wal-Mart's motion or a meaningful opportunity to address the constructive notice issue. In fact, Hunter specifically discussed the constructive notice issue in her memorandum submitted to the trial court in response to Wal-Mart's summary judgment motion. In that memorandum, Hunter argued that the jury should be permitted to infer constructive notice based on Hunter's deposition testimony and Ohio case law. Thus, even though Wal-Mart did not specifically discuss the constructive notice issue in its summary judgment motion, Hunter suffered no prejudice when the trial court decided the motion on that issue. Therefore, the trial court's granting of Wal-Mart's summary judgment motion based on the constructive notice issue was not reversible error.
Hunter also argues that reasonable minds could conclude from her deposition testimony and affidavit that Wal-Mart had constructive notice of the substance's presence on the floor.
In order to establish actionable negligence, a plaintiff must show the existence of a duty, a breach of that duty, and an injury proximately resulting therefrom. Texler v. D.O. Summers Cleaners Shirt LaundryCo., 81 Ohio St.3d 677, 680, 1998-Ohio-602.
There is no question that Hunter was a business invitee on Wal-Mart's premises. As a business invitee, Wal-Mart owed Hunter a duty "to exercise ordinary and reasonable care for safety and protection." Cassano v.Antenan Stewart, Inc. (1993), 87 Ohio App.3d 7, 9 (quoting Jackson v.Kings Island [1979], 58 Ohio St.2d 357, 359, and S.S. Kresge Co. v.Fader [1927], 116 Ohio St. 718, 722).
In order to prove the breach element in a slip-and-fall case such as this one, a plaintiff must establish: (1) that defendant placed the substance on the floor, (2) that defendant had actual knowledge of it and failed to remove it promptly or warn customers adequately, or (3) that the substance was there long enough to justify an inference that defendant's failure to remove it or warn customers was negligent.Johnson v.Wagner Provision Co. (1943), 141 Ohio St. 584, 589; Orndorffv. ALDI, Inc. (1996), 115 Ohio App.3d 632, 635-36; Newkirk v. EaveyQuality Foods, Inc. (Sept. 8, 1997), Butler App. No. CA97-01-013. This third situation refers to "constructive notice" or "constructive knowledge." Presley v. Norwood (1973), 36 Ohio St.2d 29, 32; Neal v.Pickaway Cty. Agricultural Soc. (Feb. 28, 1996), Pickaway App. No. 95CA7.
The standard for determining sufficient time to enable the exercise of ordinary care requires evidence of how long the hazard existed. Moorev. Eastgate Seafood, Inc. (May 10, 1999), Clermont App. No CA98-11-102, citing Anaple v. Standard Oil Co. (1955), 162 Ohio St. 537, 541.
In her affidavit, Hunter stated:
 I walked up and down the open paths of the aisle but never walked between the islands of merchandise until at the end when I crossed between the islands, slipped on something on the floor and fell into a pile of soft drinks in cases. I did not see the slippery substance on the floor until after I had fallen. I do not know what it was. It was a yellow or cream-colored substance. I believe it had to have been there, between the islands for forty-five minutes, all the time I was shopping, because I saw no customer or store employee in that spot while I was shopping. No one from Wal-Mart inspected the floor or cleaned it while I was there.
The following exchange took place during her deposition testimony:
 Q. Do you know how long that liquid had been on the floor before you slipped?
 A. Well, I am almost certain that it's been there for a long time.
Q. How can you say that?
A. May I elaborate why?
MR. BRANT: Tell him the reason you think that.
 THE WITNESS: The reason for is that I was in those two aisles for at least 45 minutes, I never see saw, excuse me no one spilling anything, and I never saw anybody cleaning anything. I did not see red cones, you know, like when they put to make you aware they are cleaning, I didn't see anything like that. So I, with all truthfulness, believe that that fluid or liquid was there for a long time.
We cannot say that, based on Hunter's affidavit and deposition testimony, reasonable minds could infer how long the substance was present on the floor. As Hunter also testified at her deposition, she was shopping for jewelry, pocketbooks, clothing, camera film, wrapping paper, ribbon, decorative bags, and candy, which were located in the main aisle. She further testified that she was being very particular and detailed about the gifts she was buying for her family members. Her shopping activity would undoubtedly have had some effect on her ability to see anyone in the main aisle. Additionally, as the trial court noted, the fact that Hunter did not recall seeing anyone in the main aisle is not equivalent to saying no one was actually there. Thus, Hunter's deposition testimony and affidavit do not reasonably lead to the inference that no one was in the main aisle or in the precise location of the substance. Indeed, Hunter testified that she herself was not in the exact area of the substance until she fell there.
Construing the evidence strongly in Hunter's favor, reasonable minds could not conclude how long the substance was on the floor and thus whether "the substance was there long enough to justify an inference that defendant's failure to remove it or warn customers was negligent."Johnson, 141 Ohio St. at 589. No genuine issue of material fact exists as to whether Wal-Mart had constructive notice of the presence of the substance. Hunter's negligence claim fails and Wal-Mart is entitled to summary judgment as a matter of law. Therefore, the trial court did not err in granting Wal-Mart's summary judgment motion. Accordingly, Hunter's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN DENYING PLAINTIFF-APPELLANT'S MOTION TO COMPEL PRODUCTION OF WITNESSES' STATEMENTS.
Under this assignment of error, Hunter argues that the trial court erred by not compelling Wal-Mart to disclose certain witness statements concerning her fall. Wal-Mart successfully argued to the trial court that the employee witness statements given by Wal-Mart to its legal counsel for use in defending the lawsuit were protected by the attorney-client privilege, and thus not discoverable. Hunter argues that the witness statements are not privileged because they do not constitute attorney work product made in anticipation of litigation.
It is well-established that the regulation of discovery is committed to the sound discretion of the trial court and that this regulation will not be disturbed by a reviewing court absent an abuse of discretion.Henderson Elec. Co. of Ohio, Inc. v. Elan Constr. Mgt. Serv. (1993),92 Ohio App.3d 98, 101. An abuse of discretion connotes more than an error of law or judgment and implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. State v. Apanovitch (1987),33 Ohio St.3d 19, 22.
The work product doctrine protects from discovery "documents and tangible things prepared in anticipation of litigation." Civ.R. 26(B)(3). Absent a showing of good cause, such "documents and tangible things" are not discoverable. Id.
The attorney-client privilege prevents the disclosure of certain communications made from a client to that client's legal counsel. Boonev. Vanliner Ins. Co., 91 Ohio St.3d 209, 210, fn. 2, 2001-Ohio-27; R.C.2317.02(A).
Ohio courts have held that the attorney-client privilege protects from discovery witness statements given to one's legal counsel for the purposes of preparing a defense to a lawsuit. See Witt v. Fairfield Pub.School Dist. (Apr. 22, 1996), Butler App. No. CA95-10-169 (attorney-client privilege prevented discovery of witness statements prepared prior to filing of lawsuit and later given by school to its liability insurer, which gave the statements to its legal counsel), citing In re Klemann (1936), 132 Ohio St. 187, 193. See, also, Breechv. Turner (1998), 147 Ohio App.3d 243, 249-250. Such witness statements need not be prepared "in anticipation of litigation" in order to be protected by the attorney-client privilege. Witt, Butler App. No. CA95-10-169.
The witness statements requested by Hunter were not prepared "in anticipation of litigation." Wal-Mart prepared these items shortly after the accident occurred, well before Hunter's filing of her lawsuit. Therefore, the work product doctrine does not protect the incident report and witness statements from discovery. See Witt, Butler App. No. CA95-10-169.
However, the witness statements sought by Hunter from Wal-Mart are protected by the attorney-client privilege. Though not prepared in anticipation of litigation, the witness statements were later given by Wal-Mart to its legal counsel for the purpose of preparing a defense to Hunter's lawsuit. See Witt.
We note that Hunter could have deposed any witnesses who may have made statements or had information concerning her fall. If a witness was uncooperative, Hunter could have issued a subpoena pursuant to Civ.R. 45. In an entry dated August 7, 2001, the trial court granted Hunter additional time to complete discovery and "depose witnesses to the incident." However, no depositions of witnesses to the incident were taken.
Based on the foregoing, the trial court did not abuse its discretion in denying Hunter's motion to compel. Hunter's second assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.